

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-16-2004

# Kurniawan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1382

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Kurniawan v. Atty Gen USA" (2004). *2004 Decisions.* Paper 934.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/934

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-1382
_____

FREDY SUSANTO KURNIAWAN,
Petitioner

v.

JOHN ASHCROFT, Attorney General of the United States,
Respondent

_____

ON APPEAL FROM THE BOARD OF IMMIGRATION APPEALS

(No. A79-307-766)

_____

Submitted Under Third Circuit LAR 34.1(a)
March 11, 2004

BEFORE: SLOVITER and NYGAARD, Circuit Judges.
and SHADUR,* District Judge.

(Filed: March 16, 2004 )

_____

* Honorable Milton I. Shadur, Senior District Judge for the United States
District Court for the Northern District of Illinois, sitting by designation.

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Appellant Fredy Susanto Kurniawan appeals the Board of Immigration Appeals' decision denying him asylum and withholding of removal. We will affirm.

Because the facts are known to the parties, we review them only briefly. Kurniawan, a Christian of Chinese ethnicity, is a citizen of Indonesia. Kurniawan alleges that he and his family suffered persecution in Indonesia on the basis of their ethnicity and religion. In a hearing before the Immigration Judge ("IJ"), Kurniawan described an incident that occurred while he was in high school, in which he was beaten and robbed. Kurniawan also reported that his father's business had been repeatedly burned and looted.

Upon arrival in the United States, Kurniawan arranged to have an intermediary prepare his asylum application. The intermediary filed the application after the one-year time limitation had elapsed. Kurniawan thereafter filed an application on his own behalf, seeking a waiver of the one-year bar. After hearing testimony about the delay, the IJ concluded that no waiver of the limitation period was warranted. The IJ found that Kurniawan lacked credibility as to his knowledge of the asylum process and in his description of the "persecution" he claims to have suffered. Based on these findings, the IJ denied Kurniawan relief in the form of asylum or withholding of removal, but

2

granted his request for voluntary departure. The BIA summarily affirmed.[1] Because the BIA deferred to the IJ's decision, we review the IJ's opinion. *Mulanga v. Ashcroft*, 349 F.3d 123, 131 (3d Cir. 2003).

First, Kurniawan argues that the IJ should have waived the one-year limitation period, because the ineffective assistance of his intermediary constitutes extraordinary circumstances. *See* 8 U.S.C. § 1158(a)(2)(D). We lack jurisdiction to consider such a claim. *Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003) ("We agree that the language of 8 U.S.C. § 1158(a)(3) clearly deprives us of jurisdiction to review an IJ's determination that an asylum petition was not filed within the one year limitations period, and that such period was not tolled by extraordinary circumstances.").

We have jurisdiction to consider Kurniawan's other arguments pursuant to 8 U.S.C. § 1252(a)(1). We review the IJ's credibility determination, as well as his finding on whether Kurniawan demonstrated persecution, for substantial evidence. *Mulanga*, 349 F.3d at 131. We will reverse "'only if there is evidence so compelling that no reasonable factfinder could conclude as the [IJ] did.'" *Id.* (quoting *Kayembe v. Ashcroft*, 334 F.3d 231, 234 (3d Cir. 2003)). We conclude that substantial evidence supports the IJ's findings. There were multiple inconsistencies in Kurniawan's testimony and he provided few documents to corroborate his story. As Kurniawan was not credible regarding past

---

1.  Kurniawan's challenge of the summary affirmance procedure fails under *Dia v. Ashcroft*, 353 F.3d 228 (3d Cir. 2003) (en banc).

persecution, he was not entitled to a presumption of future persecution. *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 592 (3d Cir. 2003).

For the reasons set forth, we will affirm the decision of the Board of Immigration Appeals.